UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TOWERS,<br><br>              Petitioner,<br><br>      v.<br><br>SUPERIOR COURT, COUNTY OF STANISLAUS,<br><br>              Respondent. | Case No.   1:20-cv-00411-NONE-HBK<br><br><u>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND DENY PETITION FOR WRIT OF HABEAS CORPUS</u>[1]<br><br><u>OBJECTIONS DUE IN THIRTY DAYS</u><br><br>(Doc. Nos. 19, 1) |

Petitioner Roger Towers, a state probationer, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Before the court are petitioner's motion for summary judgment (Doc. No. 19), respondent's answer to the petition (Doc. No. 22) with the state court record in support (Doc. No. 23), and petitioner's reply.  (Doc. No. 24).  For the reasons set forth below, the court recommends denying the petition and denying petitioner's motion for summary judgment.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

I. BACKGROUND AND FACTS

Petitioner initiated this case on March 20, 2020 by filing the instant petition. (Doc. No. 1). On October 29, 2018, petitioner pled *nolo contendere* and was convicted of misdemeanor possession of a firearm and ammunition in violation of a civil restraining order lodged against him stemming from petitioner's behavior during public county hearings related to land use. (Doc. No. 1 at 1, 13); *see also San Joaquin Cty. Counsel's Office v. Towers*, No. C084030, 2018 WL 2424114, at *1–3 (Cal. Ct. App. May 30, 2018). On October 29, 2018, petitioner was sentenced to four-days in jail followed by 36 months' "informal" probation. (Doc. No. 1 at 1).

The petition raises two grounds for relief: (1) the civil restraining orders violated his First Amendment rights; and (2) the civil restraining orders violated his Fourteenth Amendment rights. (Doc. No. 1 at 4). The pertinent facts of the underlying proceedings, as summarized by the California Court of Appeal, which are presumed correct, are set forth below. *See* 28 U.S.C. § 2254(e)(1); *see also Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

> [Petitioner] Towers owns property in San Joaquin County (County) that is designated open space/resource conservation (OS/RC) in County's general plan. Beginning in 2003, Towers appeared at numerous public hearings relating to his property. Towers began making claims that the County community development department and its employee, K.S., were conspiring to intentionally misrepresent the general plan designation for his property, and that because of this misrepresentation, he was unable to develop his land.
>
> In 2003 or 2004, Towers attended a board of supervisors hearing and lunged at K.S. while making a loud, guttural noise, but was stopped by his wife's intervention from contact with K.S. . . . . Because of his behavior, a County staff member accompanied K.S. to her car after the meeting to ensure her safety.
>
> In January 2010, Towers appeared at the board of supervisors meeting . . . . [H]e again verbally attacked K.S. and stated that she had personally and intentionally acted to harm him. K.S. was so fearful for her safety that she had a colleague follow her home from planning commission meetings many times after that.
>
> On September 29, 2016 . . . Towers spoke two times during [a planning commission hearing]. Both times he spoke he was intense, visibly shaking, red-faced, and appeared to some of those present to be more dangerous and threatening than on previous occasions. . . . Towers accused K.S. and A.S., [a consultant] of being liars and cheaters. Members of the community . . . thought Towers was going to attack [K.S.] during or after the hearing.

> On October 24, 2016, County Counsel filed a petition for workplace violence restraining order, pursuant to section 527.8 [against Towers][2]. The petition sought protection for K.S. and A.S. County Counsel moved for and received a temporary restraining order (TRO) pursuant to section 527.8 . . . .
>
> Prior to the hearing on the workplace violence restraining order, Towers moved on shortened time to change venue on the grounds he could not receive an impartial trial in San Joaquin County and that he is a resident of Stanislaus County. The trial court heard the change of venue motion, and found either San Joaquin or Stanislaus County would be appropriate venues, and referred the matter to the judicial council, who assigned a neutral judge . . . to hear the matter.
>
> [The trial court] heard testimony from members of the public . . ., in addition to the testimony of K.S., A.S., and Towers.
>
> [The trial court] granted the restraining order from the bench. The order . . . prohibited Towers from owning, possessing, having, buying or trying to buy, receiving or trying to receive, or in any other way getting guns, firearms, or ammunition.
>
> Towers moved to set aside the order on the ground it violated his First Amendment right to free speech. [The trial judge] denied the motion. Towers appealed from the restraining order.

(Doc. No. 23-1 at 2-4).

After denial, Towers sought habeas relief in the state superior, appellate, and supreme courts to no avail. (Doc. No. 1 at 2-3). Next, Towers sought relief through multiple civil suits in this court, arguing, *inter alia*, that the imposition of the civil restraining order violated his First Amendment right to free speech. (Doc. No. 22 at 11-12). Now, Towers seeks habeas relief from this court.

II.     APPLICABLE LAW AND ANALYSIS

    a. Jurisdiction

This court must first determine whether it has jurisdiction to consider the petition. Respondent argues petitioner does not meet the "in custody" requirement of § 2254(a) and submits this court lacks jurisdiction. *See* Doc. No. 22 at 13-14; 28 U.S.C. § 2254(a) (Federal habeas relief

---

[2] California Code of Civil Procedure § 527.89(a) provides that "[a]ny employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an order after hearing on behalf of the employee."

is only available to a "person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Respondent contends that because there are no conditions of probation restraining petitioner's liberty he is not "in custody" for habeas purposes.

The court disagrees. Petitioner is in "constructive custody" because the custody requirement does not require physical confinement. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). "[A] petitioner is in custody for the purposes of habeas jurisdiction while he remains on probation." *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (finding habeas jurisdiction where a petitioner filed his habeas petition while on probation); *see also Robertson v. Pichon*, 849 F.3d 1173, 1177 (9th Cir. 2017) ("We have jurisdiction over [the petitioner's] appeal because he filed his petition while he was on probation.); *Meza v. Bonwell*, No. 1:19-cv-00919-DAD-SKO (HC), 2020 U.S. Dist. LEXIS 12003, at *2-3 (E.D. Cal. Jan. 23, 2020) ("[I]n the Ninth Circuit, probationary status alone satisfies the custody requirement"). Based on controlling precedent, respondent's claim that this court lacks jurisdiction because petitioner's probation does constitute "custody" is without merit.

b. Motions for Summary Judgment in Habeas Corpus Cases

Petitioner moved for summary judgment. (Doc. No. 19). Summary judgment is available "if the pleadings, the discovery, the disclosure documents on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To the extent motions for summary judgment are appropriate at all in federal habeas proceedings, they are authorized under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, which extends "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules . . .."

However, federal habeas cases generally consist of "an answer and reply [to the petition] (Rule 5), an evidentiary hearing in some cases (Rule 8), and the entry of an order with or without a certificate of appealability (Rule 11)[.]" *Gussner v. Gonzalez*, No.: 12-CV-01876-LHK, 2013 U.S. Dist. LEXIS 15648, at *3 (N.D. Cal. Feb. 5, 2013) (citing R. Governing Section 2254 Cases). The

habeas rules "do not contemplate either a trial or an additional set of briefing or hearing." *Id*. (explaining that the passage of AEDPA "worked a significant change in federal habeas corpus review of state court criminal convictions and severely limited the scope of review").

Here, the court set a briefing schedule ordering respondent to file a response to the petition consisting of either an answer or a motion to dismiss. (Doc. No. 4 at 1-2). The order then permitted petitioner to file a traverse to respondent's answer or an opposition to respondent's motion to dismiss. (*Id*.). Petitioner, however, moved for summary judgment. In response, respondent separately filed an opposition to the motion for summary judgment and an answer to the petition. (Doc. Nos. 21, 22).

Since respondent filed an answer addressing the merits of the petition, the procedural posture of this case renders petitioner's motion for summary judgment redundant and unnecessary. *See Dixon v. Thomas*, No. 94-16145, 1994 U.S. App. LEXIS 37269, at *2, n. 1 (9th Cir. 1994) (explaining that where the petitioner moved for summary judgment and the respondent filed an answer "the district court may dispose of the petition after the answer is filed when an evidentiary hearing is not required" and that a denial of a habeas petition on the merits "constitutes an implicit denial of [the petitioner's] summary judgment motion "); *see also Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO (HC), 2019 U.S. Dist. LEXIS 42957, at *3 (E.D. Cal. Mar. 15, 2019) (quoting *Johnson v. Siebel*, No. EDCV 15-277 CBM (AFM), 2015 U.S. Dist. LEXIS 174177, at *1 n.2 (C.D. Cal. Aug. 4, 2015) ("Because the Court's analysis of the merits of a habeas petition is equivalent to a summary judgment motion, '[m]otions for summary judgment are inappropriate in federal habeas cases.'"); *Crim v. Benov*, No. 1:10-cv-01600-OWW-JLT HC2011, U.S. Dist. LEXIS 45873, at *8-9 (E.D. Cal. Apr. 28, 2011) (In habeas proceedings, "motions for summary judgment are unnecessary because petitions may be decided immediately by the Court following submission of the pleadings provided no material issues of fact exist.").

As set forth *infra*, the court addresses the petition on the merits as fully briefed by the parties and recommends denial on the merits. Accordingly, petitioner's motion for summary judgment should be denied.

      c. Constitutional Claims related to Civil Protection Order

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "judgment" in § 2254(a) refers to "the state judgment pursuant to which the petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017).

Towers does not attack his conviction for possession of a firearm and ammunition, the judgment which resulted in his probation for which he is in "constructive custody." Instead, Towers characterizes the instant habeas petition as a "collateral attack on the restraining order." (Doc. No. 1 at 13). More particularly, Towers attacks the validity of the underlying civil protection order proceedings on the grounds that the events before and during the civil proceedings violated his First Amendment right to free speech and his Fourteenth Amendment right to due process. (*Id*. at 4). Towers claims the civil restraining order violated his free speech rights because he did not make any "true threats" during the county planning meetings, and county officials retaliated against him after he filed numerous lawsuits against the county and its employees. (*Id*. at 13). Alternatively, Towers claims the trial court violated his due process rights during the restraining order hearing when it denied him a change of venue, a continuance, and the right to present witnesses in his defense. (*Id*. at 9-10, 13). All these claims attack the underlying civil proceedings surrounding the issuance of the restraining order, rather than the judgment for which petitioner is on probation. Because Towers is not "in custody," constructive or otherwise, as a result of the civil restraining order, he cannot challenge the validity of the restraining order in this habeas proceeding.

To the extent Towers claims government actors violated his constitutional rights to free speech and due process during his civil restraining order proceedings, such claims fall within the purview of a civil rights action under 42 U.S.C. § 1983. Section 1983 is the proper vehicle for a litigant who claims "that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). Accordingly, Towers claims that county employees and the trial court, acting under color of state law, violated his free speech and due process rights before and during the civil restraining order proceedings are actionable under § 1983 but not under the federal habeas statute.[3]

d. *Nolo Contendere* Plea

To warrant federal habeas relief, a petitioner must demonstrate that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). When a petitioner enters a guilty plea, review of a habeas claim is limited to challenging the voluntary and intelligent character of the plea or his counsel's ineffectiveness in advising the petitioner to enter a plea.[4] *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992) ("As a result, Petitioner's *nolo contendere* plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of that plea.").

Thus, to the extent Towers challenges his conviction for possession of a firearm and ammunition in violation of his civil protection order, he has failed to state a cognizable habeas claim. (Doc. No. 1 at 1, 13). Because Towers pleaded *nolo contendere* to the charge, the court's review is limited to either the voluntary and intelligent character of Tower's plea or of his counsel's ineffectiveness in advising Towers to enter the plea. The petition contains no such claims. Rather, the grounds upon which Towers seeks relief center on alleged violations of his right to free speech and due process before and during his civil protection order hearing. (*Id*. at 14-15). Accordingly, Towers' claims related to his firearms and ammunition conviction should be denied as without merit.[5]

---

[3] The court notes that a civil rights action will likely be deemed precluded and subject to summary dismissal. Petitioner unsuccessfully sought civil rights relief from this court twice, claiming, *inter alia*, violation of his First Amendment rights. *See Towers v. Cty. of San Joaquin,* No. 2:17-CV-02597-JAM-KJN (E.D. Cal. Aug. 29, 2018) (granting defendant's motion to dismiss); *Towers v. Myles*, No. 2:18-CV-02996-JAM-KJN (E.D. Cal. Aug. 2, 2019) (granting defendant's motion to dismiss).

[4] In California, a plea of *nolo contendere* "shall be considered the same as a plea of guilty and that, upon a plea of *nolo contendere*, the court shall find the defendant guilty." Cal. Pen. Code § 1016.3.

[5] In his reply, petitioner states certain pages were missing from the records submitted by respondent. (Doc.

7

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court declines to issue a certificate of appealability.

Accordingly, it is **RECOMMENDED**:

1. Petitioner's motion for summary judgment (Doc. No. 19) be **DENIED**.
2. The petition (Doc. No. 1) be **DENIED with prejudice on the merits**.
3. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

---

No. 24 at 6-7). Because petitioner submitted the pages he claims were missing, (*id*. at 27-77), the court does not address the issue of the missing pages.

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __April 1, 2021__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE