| | |
|---|---|
| ROGER TOWERS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT, COUNTY OF STANISLAUS,<br><br>　　　　　　Respondent. | Case No.　1:20-cv-00411-NONE-HBK<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. Nos. 1, 19, 26) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Petitioner Roger Towers, who is currently on probation following his conviction in state court, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On October 29, 2018, petitioner pleaded *nolo contendere* in Stanislaus County Superior Court to misdemeanor possession of a firearm and ammunition in violation of a civil restraining order and was sentenced to four days in jail and thirty-six months of "informal" probation. (*Id.* at 1.) When the pending petition for federal habeas relief was filed in this court on March 20, 2020, the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

/////

1

On April 1, 2021, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for summary judgment be denied and that the habeas petition be denied on the merits. (Doc. Nos. 19, 26.) The pending findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id*. at 8.) On April 23, 2021, petitioner filed objections to the findings and recommendations. (Doc. No. 27.)

In his objections, petitioner first argues that his motion for summary judgment is necessary and appropriately brought. However, as explained in the findings and recommendations, "[b]ecause the Court's analysis of the merits of a habeas petition is equivalent to a summary judgment motion, '[m]otions for summary judgment are inappropriate in federal habeas cases.'" (*See* Doc. No. 26 at 5 (quoting *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO (HC), 2019 WL 1229772, at *1 (E.D. Cal. Mar. 15, 2019); *Johnson v. Siebel*, Case No. EDCV 15-277 CBM (AFM), 2015 WL 9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015)).) Second, in his pending petition, petitioner challenges the validity of the underlying state court issued restraining order, arguing that it violated his rights under the First and Fourteenth Amendments of the U.S. Constitution. (*See* Doc. Nos. 1 at 13; 27 at 2.) However, petitioner is not "in custody" as a result of that restraining order. Instead, he is currently on probation for possession of a firearm and ammunition in violation of the restraining order. *See* 28 U.S.C. § 2254(a) (stating that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . ."); *Rouse v. Plummer*, No. C 04-0276 JF (PR), 2006 WL 3507945, at *5 (N.D. Cal. Dec. 1, 2006) ("[B]ecause Petitioner is not 'in custody' as a result of the underlying restraining order, he cannot challenge the validity of that order."). The court can only consider challenges to petitioner's criminal conviction, but petitioner does not raise any such challenges here. Accordingly, the pending findings and recommendations correctly concluded that "[b]ecause [petitioner] is not 'in custody,' constructive or otherwise, as a result of the civil restraining order, he cannot challenge the validity of the restraining order in this habeas proceeding." (Doc. No. 26 at 6.)

/////

Petitioner next argues that the magistrate judge erred in concluding that his *nolo contendere* plea bars habeas relief (Doc. No. 27 at 3). Contrary to petitioner's assertion, the magistrate judge did not recommend denial of the pending petition based solely on the nature of his plea. Rather, the magistrate judge correctly explained that, "to the extent [plaintiff] challenges his conviction for possession of a firearm and ammunition in violation of his civil protection order," any challenge to his *nolo contendere* plea is "limited to challenging the voluntary and intelligent character of the plea or his counsel's ineffectiveness in advising the petitioner to enter a plea," neither of which petitioner raises here. (Doc. No. 26 at 7 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).)

Finally, petitioner asserts that respondent's record is "both incomplete and fraudulent," specifically contending that respondent withheld pages and deleted statements from petitioner's state habeas petitions and what he characterizes as "a fraudulent probation agreement." (Doc. No. 27 at 5.) As noted in the findings and recommendations, however, petitioner provided the allegedly missing pages in his reply to respondent's answer and those documents are therefore before this court. (*See* Doc. Nos. 24 at 26–77; 26 at 7 n.5.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C.

| | |
|---|---|
| 1 | § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. |
| 2 | § 2253(c)(3).  In the present case, the court finds that reasonable jurists would not find the court's |
| 3 | rejection of petitioner's claims to be debatable or conclude that the petition should proceed |
| 4 | further.  Moreover, it appears at this time that any alleged error has been corrected by his release. |
| 5 | Thus, the court declines to issue a certificate of appealability. |

Accordingly:

1. The findings and recommendations issued on April 1, 2021 (Doc. No. 26), are adopted in full;
2. Petitioner's motion for summary judgment (Doc. No. 19) is denied;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
4. The court declines to issue a certificate of appealability; and
5. The clerk of court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **June 18, 2021**

_____
UNITED STATES DISTRICT JUDGE