UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TOWERS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SUPERIOR COURT, COUNTY OF STANISLAUS,<br><br>　　　　　Respondent. | No.  1:20-cv-00411-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 31.) |

　　　　Petitioner Roger Towers, who is currently on probation following his conviction in state court for possession of a firearm and ammunition in violation of a state court issued civil restraining order, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  On April 1, 2021, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for summary judgment be denied and that his petition be denied on the merits.  (Doc. No. 26.)  These findings and recommendations were adopted by the undersigned and the case was closed.  (Doc. Nos. 29, 30.)  On June 25, 2021, petitioner filed the pending motion for reconsideration of the court's order adopting the findings and recommendations.  (Doc. No. 31.)  Petitioner appealed from the same order to the Ninth Circuit Court of Appeals on July 26, 2021.  (Doc. No. 32.)

/////

1

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion," "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Here, petitioner has not claimed in his pending motion that any of the grounds requiring reconsideration are present—such as fraud, new evidence, or mistake—nor has he presented any

other reason that justifies the granting of relief.  (*See* Doc. No. 31.)  Rather, he merely reiterates the arguments raised in his previous filings with this court.  (*Compare id. with* Doc. Nos. 1, 19, 27.)  Petitioner again challenges the underlying state court issued restraining order in his habeas petition, but as previously explained, petitioner is not "in custody" as a result of that restraining order.  (*See* Doc. Nos. 26 at 6–7, 29 at 2.)  Instead, petitioner is on probation for possession of a firearm and ammunition in violation of that restraining order.  As a result, the court can only consider challenges to petitioner's criminal conviction for violating the terms of the restraining order, but petitioner has not raised such challenges here.  *See* 28 U.S.C. § 2254(a); *Rouse v. Plummer*, No. C 04-0276 JF (PR), 2006 WL 3507945, at *5 (N.D. Cal. Dec. 1, 2006) ("[B]ecause Petitioner is not 'in custody' as a result of the underlying restraining order, he cannot now challenge the validity of that restraining order . . . .  Petitioner is currently on probation and in 'constructive custody' due to his criminal conviction for violating the terms of the restraining order, and thus the Court may only consider challenges to his criminal conviction.").  Finally, "to the extent [plaintiff] challenges his conviction for possession of a firearm and ammunition in violation of his civil protection order," any challenge to his *nolo contendere* plea is "limited to challenging the voluntary and intelligent character of the plea or his counsel's ineffectiveness in advising the petitioner to enter a plea," neither of which petitioner raises here. (Doc. Nos. 26 at 7, 29 at 3 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).)

   Accordingly, petitioner's motion for reconsideration (Doc. No. 31) is DENIED.  This case shall remain closed and no further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   **July 30, 2021**                                   /s/ Dale A. Drozd
                                                             UNITED STATES DISTRICT JUDGE